We'll be back on the record here. Case number 21-435, Miller v. United States. Mr. Dale. Good afternoon. May it please the court, my name is Ivan Dale on behalf of the United States. I'd like, if I can, to try to reserve about three minutes for rebuttal. Okay, that's going to be on you, so watch your clock. So this is a case where a bankruptcy trustee seeks to avoid federal tax payments by invoking state fraudulent transfer laws. At issue is section 544B of the Bankruptcy Code, which allows a trustee to avoid transfers that are voidable under applicable law by a creditor holding an unsecured claim in the case. That is what we are challenging in this case. We are saying... By an actual creditor, but not necessarily the claimant here. Correct. But not a hypothetical creditor that you could imagine someplace in the universe. Correct. It has to be an actual unsecured creditor of the debtor in the bankruptcy case. And does it have to be a creditor who has made a claim, or could it be a creditor who has not made a claim? The creditor does not have to have made a claim. Okay, thank you. So that is the nature of our challenge. What we are saying in this case is that the trustee cannot prove that these federal tax payments are voidable under applicable law by a creditor. Because of sovereign immunity. Because of sovereign immunity is one reason. That is the only reason, isn't it? Well, no. If a creditor were to walk into a court in Utah and try to avoid his debtor's federal tax payments, sovereign immunity would not be the only problem. There is a Supremacy Clause problem there. Utah cannot pass a law that says our residents can sue for... But it is not just Utah passing a law. It is incorporated or flows through the U.S. bankruptcy law. And once it flows through the federal law, I think sovereign immunity... I mean, Supremacy Clause issues may disappear because you are now dealing with it as a part of the federal law. And federal law cannot be supreme to other federal law. Federal law cannot be supreme to other federal law. But the trustees claim is a creature of federal law. The unsecured creditor's claim is a creature of state law. The trustees claim is not barred by the Supremacy Clause. The unsecured creditor's claim is... Sir, are you familiar with the Assimilated Crimes Act? The Assimilated Crimes Act? Right. I'll represent to you that it's a statute that says federal installation... If you commit a crime on a federal installation, that the federal law assimilates state law crimes. And you can be charged with that state law crime. Isn't that sort of what we have here? Hasn't this, the statute that we're dealing with here, hasn't it assimilated state law avoidance and fraudulent transfer laws? Look, all I can do is point to the actual text of the statute. And the actual text of the statute says that what the trustee has to prove is that the transfers are, quote, voidable under applicable law by a creditor holding an unsecured claim. That's what he has to prove. So by the plain text, he can't do that. Robert, the whole question is whether sovereign immunity has been waived generally for claims or not. That's the way that the trustee would like to say that the issue is. What's wrong with framing the issue that way? Because we are not asserting a sovereign immunity defense to the trustee's claim. There are two different things. You're asserting it hypothetically against a, I mean, not hypothetically, but you're asserting it on behalf of this other creditor out there that would have a claim. We are saying if the creditor brought the claim that it could be waived. The government could waive sovereign immunity to a claim by a creditor. But nothing in the bankruptcy code purports to waive sovereign immunity to a claim by a creditor. Once bankruptcy is filed, doesn't the creditor's claim become the property of the trustee? Isn't the trustee the person with the authority to pursue the claim? So it doesn't become the property of the trustee. There's a Third Circuit case called Cybergenics Corp. that we cite in our brief. It does not become the property of the trustee. You want to just, people think they can't come in because we're arguing, but just, you can come on in. What the bankruptcy code does. Would one of you clerks open the door for them? Go ahead, argue. So what the bankruptcy code does is create an additional right of the trustee to avoid a transfer to the extent that outside of bankruptcy an unsecured creditor could do so. So what it's doing is equalizing treatment of the transfer inside bankruptcy and outside bankruptcy. The only difference being is outside bankruptcy it belongs to this one creditor, but inside bankruptcy it gets to be shared for the benefit of all creditors. Is there a federal law that would give a creditor the right to avoid a transfer? There's not a federal law. So that leaves necessarily the only way you can avoid transfers is under state law, right? Well, there's a federal avoidance statute in the bankruptcy code itself, it's section 548, and so if the trustee were bringing an action under section 548, there would be no problem here. Is that like the fraudulent transfer statute? It is. It's the bankruptcy code's version of the fraudulent statute. Why do you need to bring that? Because the statute of limitations on that is two years, but Utah provides a longer statute of limitations. Right, I remember that now. Are you aware of any cases where the federal government has relied on state fraudulent transfer or state transfer avoidance laws when the federal government was acting as a creditor in a bankruptcy case? So a creditor in a bankruptcy case doesn't bring the fraudulent transfer action. In a bankruptcy case, this is property of the estate, so in a bankruptcy case, the debtor or the trustee or the debtor in possession could bring the case. Creditors would have to, are barred by the automatic stay for bringing a claim with respect to property of the estate. Okay, fair enough. So that wouldn't really happen. Well, the bankruptcy court's going to step in the shoes. I mean, does the trustee marshal assets for the federal government in a bankruptcy case? So you make a claim for taxes due, and are you depending on the trustee to marshal those assets? At times, yes, sure. Most of the time, a lot of times when somebody files for bankruptcy, they have a tax debt that's unpaid. So, yeah, that's fairly common. And I guess to some degree my issue with your argument is that 544B becomes basically illusory under your argument. No, not at all. Because it's specifically referenced as a section to which sovereign immunity is waived. Well, section 544 generally is what's referenced. The sovereign immunity waiver is the perspective. Right, and you want to carve out 544B then. No, I don't want to carve out 544B. We've waived sovereign immunity for a 544B claim. So let me ask you this. But there's a difference. So if there's a federal law that specifically provides that somebody can claw back money from the U.S. government, you don't have a sovereign immunity claim against that, do you? No, not at all. Okay. So it can only be a waiver as to state law claims against the federal government. Otherwise, what's there? So you don't need it. So, no, several states have waived sovereign immunity for fraudulent transfer actions. You're not talking about states waiving sovereign immunity for the states. I'm talking about the federal government waiving sovereign immunity. Okay, but the waiver is for governmental units, which includes state and federal governments and tribes. So that's what the waiver is for. And it's for 59 sections of the Bankruptcy Code. Not every one of those sections requires you to infer a cause of action against the government. Some of them, like the example we give, 303A, involves involuntary bankruptcy petitions. Well, you can't bring an involuntary bankruptcy petition against the government. Surely somebody would have tried. But you can't do that. So it doesn't – so there's two things. There's two steps here. One, you ask, is there a waiver of sovereign immunity? Once – and the answer to that question here is yes. Then you ask the second question. Does the substantive law provide an avenue for relief? And that's where we are is step two. Am I right, though, that under your position there is no substantive law that fits in the box? If there is, give me an example of a substantive law to which sovereign immunity is waived. Under 544B, with respect to – I gave you the example of the states, right? So if you bring – Right, I don't care about the states. So there's no law that applies through that section to the federal government? Right. There could be in the future. There's no reason why it wouldn't. But the problem is in the – Well, what is it? There would have to be – under your argument, there would have to be a separate, a new waiver of sovereign immunity. No. What you would have to do is change the substantive requirements of 544B. You would have to do something like they do in the Federal Tort Claims Act and say, all right, the trustee can avoid claims that are voidable under applicable law by a creditor. For the purposes of this section, the government shall be liable to an avoidance action to the same extent as a private creditor. Or a private transferee. But that's adding language to the statute. That's putting words in. That's restricting it with words that aren't currently there. You asked me how you would amend the statute to – No, I don't. I asked you what law there is. I said there were no law. I'm sorry. I understood the question to be how would they go about – Right, but even under your proposed amendment, you're restricting the reach of the statute. You're making it less broad than it currently is. No, I'm not restricting the – I'm asking – You're adding steps in there. I'm asking that 544B be read as issued. Voidable under applicable law by creditor holding an unsecured claim. The trustee claims that that language is modified by Section 106 to where he only has to prove that it's voidable under applicable law by a creditor deprived of – if the government is deprived of the defenses of sovereign immunity and the supremacy clause. It's the trustee that's adding language that's not there. And here's the thing. He's using 106 to supply the cause of action. Without 106, I think there's no dispute that federal tax payments are not voidable under applicable law by a creditor. 106 is doing the dirty work here in supplying the law. The Supreme Court has said again and again and again that you can't do that. In Meyer, they say whether there has been a waiver of sovereign immunity. I don't think so. I think he's using 106 to extend the reach of the waiver of sovereign immunity to extend to comparative claimants out there to show that there is some other claimant that would have a claim but for sovereign immunity. Then you still have to see what other law would give that other creditor the claim, ignoring only the defense of sovereign immunity. Well, I do want to reserve a little bit of time for rebuttal. I can answer that question, but I would like to have at least a minute or so. Go ahead. Go ahead and answer it. But your time is at our discretion. You don't get to control it. I'm just asking. I'll consider it. Go ahead. Okay. So if I understood your question, you're saying that it's not about, you're saying that this is just the operation of sovereign immunity. So section 106A5 says this is part of the waiver of sovereign immunity. Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing. That to me is the 800-pound gorilla, and I'm going to be eager to hear what the appellee has to say about that. Thank you, counsel. We'll give him two minutes. Great. Thank you. Would you add two minutes to the trustee's time, please? I appreciate that. You bet. Well, I appreciate being here this morning, Your Honors. My name is Reed Lambert. I represent David Miller, who's the bankruptcy trustee in this case. Since it's the 800-pound gorilla, let me start with that first.  Good. The question being the question. You'd be surprised how many experienced appellate lawyers ignore the 800-pound gorilla, even when they've been identified before they rise to the podium. So good for you for addressing it. Well, if the 800-pound gorilla is the question of whether we are using the sovereign immunity statute to supply the cause of action, I see that as being a rather friendly and small gorilla, because I think it's an easy answer. All right. If you use the reasoning that the government uses in this case to say taking away sovereign immunity is creating a cause of action that wouldn't otherwise be able to be brought, well then the 106 does the exact same thing for Section 547 on preferences, for Section 548. Certainly for Section 550, which is the statute that a trustee uses to recover a fraudulent transfer once it's avoided, because none of those actions could be brought against the government, absent a waiver of sovereign immunity. And so, essentially, the waiver of sovereign immunity enables them to be brought in exactly the same way. And therefore it creates and it brings them to life. They were dead before, and now it brings them to life, and so it creates this substantive law. Well, it doesn't create the substantive law, because the... Well, the claim, the claim. The claim was borne, it was dead, and now it's alive again. Right. But let's look at, for instance, Section 547. Section 547 says you can sue a party to recover a preference, which is a transfer to a creditor that allows them to get more than they would get in a liquidation. Absent Section 106, that claim could not be brought. There's no question that claim could not be brought against the federal government. But Section 106 waives sovereign immunity as to that claim, and yet no one here would contend that it, Sovereign immunity is a defense by its nature, and it's unique to the federal government. It says that otherwise valid claims, otherwise valid claims that have their own substance and their own life, don't work against the federal government. In this case, the waiver of sovereign immunity makes it so that those claims do work. It's, what I'm saying is... And doesn't that create the claim? It does not create the claim. Because without it, I mean, but for that, you wouldn't have a claim against the government that would be valid. And after it, you do have a claim that's valid. Isn't that a creation of a valid claim against the government? Okay, well, if we want to put it in those terms, then the answer would be, by definition, the government cannot waive sovereign immunity. Because every time they waive sovereign immunity, it creates substantive claims. Because claims that were otherwise dead are now alive. That's just not simply how sovereign immunity works. The way the courts look at sovereign immunity is very much, kind of the two-step, I hesitate to use the two-step, the Meyer, slash Mitchell, slash Flamingo, slash Franklin Savings, two-step analysis too rigidly, because there are limitations on that analysis itself. But, the analysis is useful in saying, where you have a claim where sovereign immunity exists, the first question is, has sovereign immunity been waived? If sovereign immunity has been waived, then you then look to see, is there a substantive, is there a substantive avenue for relief? In a 544 claim, it's no different than any other claim. Sovereign immunity has been waived, now we're going to go look at the statute to see if there's a substantive claim. The substantive claim requires a trustee to prove, to prove that they can avoid the transfer under applicable law, that a creditor can avoid the transfer under applicable law. Now, it's very interesting, that the tense, the tense in our amicus brief, I think illustrated this in fairly good form, which is, the statute doesn't speak in terms of past tense. In fact, a term that has been used in this case over and over again is the term outside of bankruptcy. And Section 544 simply does not include any analysis of what would happen outside of bankruptcy. It speaks in present tense of, a trustee may recover, may recover something that is avoidable, in present tense, under applicable law. And the, and it's in, but it's in the context of this bankruptcy world, that world that, that Justice Kagan, in the cases following Katz, that Allen versus Cooper case said, it's bankruptcy exceptionalism. It's a world where sovereign immunity has no place. And I don't think we need to discuss the underlying policy reasons, which seem to be accepted pretty well, even by the two circuits that, that disagree with one another. But the object here is to treat everyone on an even playing field. So, back to the question then, does the, does the waiver of sovereign immunity create the substantive claim? No. Applicable state law, and the trustee's standing, based on the actual creditor requirement, that's what creates the claim. Sovereign immunity, just as it is with section 548, section 547, section 550, 362K, if you're talking about claims for violation of the automatic stay, also waived. So you would look at it as simply removing an affirmative defense, an analogy. Yes. If I had a statute of limitations affirmative defense, I might defeat your claim. But if I waive that statute of limitations, your claim is viable again, and I didn't create your claim, I simply removed an impediment to it. Yes, and sovereign immunity as a, that is a useful analogy, and I think it's correct with respect to the 800-pound gorilla we're discussing. If you wanted to discuss sovereign immunity broadly as is it an affirmative defense or a jurisdictional requirement and so forth, that's a much more confusing discussion. But that's a discussion for another day because the question here is by analogy, isn't sovereign immunity, couldn't we view sovereign immunity as if it were, as if it were solely an affirmative defense or it doesn't create the claim, but it removes what would otherwise be a viable defense. And that's particularly useful here because section 106A1 doesn't use the term waives, which is a term specifically applicable to affirmative defenses, but it's even broader than that. It uses the term abrogates, which means vaporizes, essentially. So, so when, I don't get where you're distinguishing between waiving and abrogating. Well, there are cases that find significance in that, and the bankruptcy court addressed it as well, basically saying that a waiver of a right, it was significant in those Nordic village cases as well. I think it may be more semantic than anything else, but the court seemed to believe that the word abrogate is the most aggressive word you could possibly use in getting rid of sovereign immunity. What do you, what do you think about the idea that, that the, that there, because there's a federal avoidance statute, that it would be improper under the Supremacy Clause to apply state avoidance law. So, even assuming that what you say is correct, maybe that's talking with respect to the, you know, states, tribes, you can interpret it that way because there's already a federal avoidance statute that there doesn't even need to be a waiver for. That, that's a, that, I will acknowledge that as a novel approach. Let me, let me back up. It probably is. Let me back up and give you the history of that preemption argument because the, the argument that the government has made here and the one that was accepted, although in dicta, in the Ear case, the Seventh Circuit case, barring the trustee's claim, the argument that was accepted was the, under the Supremacy Clause, the Internal Revenue Code provides the only way to recover tax payments. So, using applicable law or state law to try and recover tax payments, you simply can't do it. The DBSI Court and your, your interchange with Counselor earlier had the easy answer to that, which is, this isn't, this isn't the application of state law. This is assimilated law. Excellent, excellent way to look at that. Excellent term to describe how it works. And it is federal law. My law clerks thought I was crazy. And it's, and that is federal law in itself. What you're saying is we could take the preemption argument one step further and what we're trying to say, has the federal government occupied the field? Maybe 548 itself occupies the field. Here's the problem with that. Both 548 and 544B don't allow anyone to recover any tax payments. All they do is provide for a declaration of avoidance. And that's consistent through the Bankruptcy Court. This is a very important distinction that has not been made at all in this case. And I think is even, the briefing, and I apologize because it's partly my fault, I think the briefing on this point has been somewhat inadequate. But 548 and 544B solely... Are you saying 540A? Or what statute? Or 548? 548. That is the bankruptcy code fraudulent transfer statute which has a statute of limitations of two years. Now look back from the bankruptcy petition date two years. Under 544B substantively Utah state fraudulent transfer law is about the same. And it can look back four years which is why it's at issue here is because these transfers happened approximately three years before bankruptcy I believe. But both of those statutes don't provide you can go recover money and get back money. They merely provide for a declaration that it is avoided. In other words, that transfer is as if it didn't happen. The property then in the hands of the transferee remains property of the estate. There are different ways that a trustee can go and get that property. None of them under section 544B or 548. The way the trustee usually recovers those is to bring an action sometimes in the same complaint under section 550 which allows you to recover the transfer or the value of the transfer from somebody who received it. They call it a immediate or an immediate transferee. You can even recover under 550 down the line from subsequent parties who received that same property. Query, and I think this is an important reason why the government's position just completely yields ridiculous results under our statutory scheme. Let's say that we accept the government's position and a 544B claim cannot be brought against the government. Fine. Let's also assume that our fact pattern that rather than just paying their own taxes from the corporate funds, Mr. Bizzaro and Mr. Cummins our principals, they give it to their uncle Bob and they tell Bob we're giving you this money. It would be great if you could pay some of our taxes. Bob then takes it and pays the taxes. Interesting conundrum here because we can't sue the IRS under section 544B not just because of anything that the government would argue but because we have no claim against them under 544B. They were not the transferee. Who we sue is Bob and we sue him for fraudulent transfer. We gave him money for which we received nothing. We prevail against Bob and then we sue the IRS for the money that the IRS received under section 550. Now there are defenses under 550 but we'll assume that defenses don't apply. Even under the government's position here that action under section 550 there would be no argument that that could not be brought. The transfer has been avoided which is all 550 requires and we are now entitled to recover the transfer or the value of it under section 550 another statute for which the waiver of sovereign immunity is absolute in section 106A. On that basis we're in. And so what you're saying is that the government's interpretation here would basically mean we're carving out a little teeny piece of the puzzle. The broad waiver that allows us to go recover money from the government which is the main complaint the government has they don't like giving away their money. But that's a section 550 problem. The NRAM identify the property of the debtor aspects of section 544. Again those are separate and apart from the claim to get the money back. So I think that's a good example of the limitation of where the government goes with that. Now I do want to address just the point where I believe this case starts and I think this is where the court began with my colleague is an analysis of 106A. To me it's an interesting argument to say it's a straw man argument to set this up as a question of the reach of 106A because what we have is a strong argument and a sovereign immunity defense that's interposed and in my judgment the first step that we go to then is the analysis of 106A. That statute could not be more clear it not only uses the term abrogate which is the broadest word again that it can possibly think of but it also uses the term with respect to. It doesn't say for claims arising under or for a claim in these sections or anything like that it says with respect to and list 544. The court has aptly stated has aptly acknowledged what I call the DBSI conundrum because that case recognized the conundrum that exists when you say we are waiving sovereign immunity to a claim that by definition could never be brought. In order to give meaning to that waiver and the breadth of with respect to we have to look at that. I'll read one more sentence if I could. U.S. v. Mitchell one of the two step cases 1983 U.S. Supreme Court the court said the exemption of the sovereign from suit involves hardship enough where consent has been withheld. We are not to add to the rigor by refinement of construction where consent has been announced. In my judgment the IRS here is adding to the rigor improperly by a refinement of construction of section 544B what we should do is broadly apply 106A and affirm the judgment of the bankruptcy court and district court. Okay. Thank you counsel. Mr. Bim. May it please the court. The government is not asking for special treatment. If we were a private claim if we were a private transferee then there would be no step one. You go straight to step two. You ask does 544B reach provide the trustee a claim against us? And if and the answer to that is yes it does to the extent that a creditor could bring a claim. And then you look to the creditor's claim and if the creditor's claim was barred by estoppel then the trustee couldn't recover even though the trustee is not estopped. If the creditor's claim was barred by statute of limitations the trustee couldn't recover even though the trustee's claim was stopped. Isn't the problem though that there is not a federal bankruptcy law that says that even if the creditor is estopped the trustee can still pursue the claim? I mean what's happening here is the creditor has a claim against the government it just doesn't happen to be a good one because there is sovereign immunity which is where the statute steps in and says that the sovereign immunity is abrogated for this claim. It's abrogated for the trustee's claim not the creditor's claim. Well the trustee has no claims of their own. The trustee's claims are all derivative of creditor claims. Correct. And so for every other transferee private or public every other transferee they are only liable to an avoidance action by the trustee to the same extent they are liable to an avoidance action outside of bankruptcy. The difference here is that the trustee is saying 106 creates a new transferee liability for the government under state law that didn't exist before and that is what 106.85 says you can't do that's what Meyer says you can't do that's what Flamingo Industries says you can't do that's what even Mitchell says you can't do it's what this court in Franklin State says you can't do and so the court should not do it here. Let's take the analogy of estoppel that Judge Gorson raised. Can the trustee rely on a claim by a independent creditor who claimed is it stopped would be otherwise valid but it's stopped by some action by that creditor can the trustee say well that's a good claim I can get around estoppel as the federal government because we didn't ourselves do an estoppel I thought that claim would not be available to the trustee that claim is not available so if you're stopped outside of bankruptcy the trustee it's not a good supportive analogy for the government no it is for the bankruptcy trustee right correct yes okay okay if the court has no further questions we ask that's it the decision be reversed thank you all right the case will be submitted and counsel are excused thanks both for